Michael E. Murphy, Esq. (Bar #174408)
Brock Christensen, Esq. (Bar #216237)
SIMS LAW FIRM, LLP
19762 MacArthur Boulevard, Suite 350
Irvine, California 92612
(949) 253-7900
(949) 253-7930  - FAX

Attorneys for Defendants NATIONAL RAILROAD PASSENGER
CORPORATION, service mark AMTRAK

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SR TOMAS,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:17-cv-00242-AB-AFM<br><br>**[PROPOSED] STIPULATED ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION BEFORE TRIAL ONLY**<br><br>Complaint Filed: 12/19/2016<br><br>Date Removed: 1/11/2017 |

Plaintiff SR TOMAS, Individually and as Successor in Interest to Decedent RUBY STEWART, and Defendant NATIONAL RAILROAD PASSENGER CORPORATION, service mark AMTRAK, by and through their respective attorneys, stipulate to the terms of this Stipulated Order Governing the Disclosure of Privileged Information before trial only and does not govern issues relating to

disclosure of privileged material at trial, and with the Court being fully advised as to the same, it is hereby ORDERED:

## I. APPLICABILITY

1. This Order shall be applicable to and govern all deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation before trial (collectively "Information").

## II. PRODUCTION OF DISCOVERY MATERIALS CONTAINING POTENTIALLY PRIVILEGED INFORMATION

2. The production of any privileged or otherwise protected or exempted Information, as well as the production of Information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, or the subject matter thereof, or the confidential nature of any such Information, as to the produced Information, or any other Information.

3. The production of privileged or work-product protected documents, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

4. The producing party must notify the receiving party promptly, in writing, upon discovery that privileged or otherwise protected or exempted Information has been produced. Upon receiving written notice from the producing

**STIPULATED ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION BEFORE TRIAL ONLY**

party that privileged or otherwise protected or exempted Information has been produced, all such Information, and all copies, shall be returned to the producing party within ten (10) business days of receipt of such notice and the receiving party shall not use such Information for any purpose, except as provided in paragraph 5, until further Order of the Court. The receiving party shall also attempt, in good faith, to retrieve and return or destroy all copies of the documents in electronic format.

5. The receiving party may contest the privilege or work product designation by the producing party, and shall give the producing party written notice of the reason for said disagreement. In that event, the receiving party shall return the allegedly privileged document and the producing party shall provide a log entry for the document. The receiving party may not challenge the privilege or immunity claim by arguing that the disclosure itself is a waiver of any applicable privilege. In that instance, the receiving party shall, within fifteen (15) business days from the initial notice by the producing party, seek an Order from the Court compelling the production of the material. If no such Order is sought, upon expiration of the fifteen (15) day period, then all copies of the disputed document shall be returned to the producing party in accordance with this paragraph.

6. Any analyses, memoranda or notes that were internally generated based upon such produced information shall immediately be placed in sealed envelopes, and shall be destroyed in the event that (a) the receiving party does not contest that the information is privileged, or (b) the Court rules that the information is privileged. Such analyses, memoranda or notes may only be removed from the sealed envelopes and returned to its intended purpose in the event that (a) the producing party agrees in writing that the information is not privileged, or (b) the Court rules that the information is not privileged.

7. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for

**STIPULATED ORDER GOVERNING THE DISCLOSURE OF PRIVILEGED INFORMATION BEFORE TRIAL ONLY**

relevance, responsiveness and/or segregation of privileged and/or protected information before production.

### III. PRIVILEGE LOGS

8. The following documents presumptively need not be included on a privilege log:

   a. Written or oral communications between a party and its counsel after commencement of this litigation and work product material created after commencement of the litigation relating to this litigation.

   b. Work product created by outside counsel, or by an agent of outside counsel other than a party after commencement any litigation.

   c. Written or oral communications between a party and its in-house counsel whose primary role it to manage litigation.

9. An email thread for which a party claims a privilege may be logged in a single entry.

**SO STIPULATED AND AGREED, this 18th day of April, 2017.**

**KAPLAN LAW CORPORATION**

*By*:  /s/ Jay A. Kaplan
Jay A. Kaplan, Esq.
Attorneys for Plaintiff SR TOMAS

**SIMS LAW FIRM, LLP**

*By*: _/s/ Michael E. Murphy_____
Michael E. Murphy, Esq.
Attorneys for Defendant NATIONAL RAILROAD PASSENGER CORPORATION, service mark AMTRAK

**IT IS SO ORDERED.**

Date: 4/28/2017    _____

ALEXANDER F. MACKINNON
U. S. MAGISTRATE JUDGE